## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA HOSKINS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 09 CV 5145 |
| THOMAS DART, SALVADOR | ) | Judge Blanche M. Manning |
| GODINEZ, GILBERTO ROMERO, | ) | |
| LEROY MARTINIAK, and | ) | |
| THOMAS SNOOKS, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Joshua Hoskins alleges that the Cook County Sheriff's Department and several

of its employees were deliberately indifferent to the risk that he would be beaten up when put in a

holding cell with rival gang members. *See* 42 U.S.C. § 1983. The defendants have moved to

dismiss all of Hoskins' claims, which the court grants in part and denies in part.

## BACKGROUND

For purposes of the motion to dismiss, the court accepts as true the allegations of

Hoskins' amended complaint. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d

323, 326 (7th Cir. 2000). According to the complaint, Hoskins was a pre-trial detainee in the

custody of the Cook County Department of Corrections. On two occasions when he was to

appear before a judge, first on October 20, 2008, and then again on December 8, 2008, Hoskins

was placed in a holding lock up area with members of a rival gang, who then proceeded to

assault him. The December 8, 2008, beating was so severe that he was sent to the hospital for

medical injuries and missed his court date. As a result, the judge assigned to Hoskins' case,

Judge Joseph Claps, entered an order requiring that Hoskins be transported to and from court by

the county's Emergency Response Team. The order was forwarded to the office of defendant Sheriff Thomas Dart.

Despite the court order, the Emergency Response Team did not escort Hoskins to and from court for appearance scheduled between April and June of 2009, and the unescorted Hoskins continued to be assaulted by rival gang members while in the holding lock up area. Hoskins filed a grievance based upon the Emergency Response Team's failure to escort him to court. Defendant Thomas Snooks, the superintendent of the sheriff's External Operations Department, personally acknowledged receiving Hoskins' grievance, but failed to make any arrangements for Hoskins to be safely escorted to court. Hoskins also discussed the continuing assaults with defendant Leroy Martiniak, the lieutenant of the External Operations Department. But even though Martiniak's job duties included arranging for court escorts, Martiniak did nothing to protect Hoskins.

Hoskins then filed the instant suit, alleging claims under 42 U.S.C. § 1983 based upon the defendants' alleged failure to protect him from a known danger in violation of the Eighth and Fourteenth Amendments. Specifically, he alleges the following two counts: (1) defendants Dart, Snooks, and Martiniak, along with defendants Salvador Godinez and Gilberto, both executives within the Department of Corrections, acted in their individual capacities with deliberate indifference to the risk that he would be assaulted, in violation of his rights under the Eighth and Fourteenth Amendments of the U.S. Constitution (Count I); and (2) while acting in their official capacities, the defendants maintained a custom or policy of indifference to the risk of cross-gang violence in the lock up holding area (Count II). The defendants have moved to dismiss all claims against all of the defendants.

**ANALYSIS**

**I.        Standard of Review**

A complaint need only contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Seventh Circuit explained that this

"[r]ule reflects a liberal notice pleading regime, which is intended to focus litigation on the

merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v.*

*Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (internal quotations omitted); *see also McCormick v.*

*City of Chicago*, 230 F.3d 319, 322-24 (7th Cir. 2000) (stating that claims under 42 U.S.C.

§ 1983 are not subject to a heightened pleading standard, but are only required to set forth

sufficient allegations to place the court and the defendants on notice of the gravamen of the

complaint).

However, a complaint must contain "enough facts to state a claim to relief that is

plausible on its face" and also must state sufficient facts to raise a plaintiff's right to relief above

the speculative level.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007).  In *Ashcroft v.*

*Iqbal,* the Supreme Court stated that a claim has facial plausibility "when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

The court is neither bound by the plaintiff's legal characterization of the facts, nor

required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v.*

*O'Grady,* 975 F. 2d 366, 368 (7th Cir. 1992).  Nevertheless, "in examining the facts and

matching them up with the stated legal claims, we give 'the plaintiff the benefit of imagination,

so long as the hypotheses are consistent with the complaint.'" *Bissessur v. Ind. Univ. Bd. of Trs.,* 581 F. 3d 599, 603 (7th Cir. 2009).

## II.  Individual Capacity Claims Under 42 U.S.C. § 1983  (Count I)

To succeed on an individual capacity claim under 42 U.S.C. § 1983, Hoskins must show that the defendants, while acting under the color of state law, personally caused or participated in an alleged constitutional deprivation.  *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).  To establish the requisite personal involvement, plaintiff must show that each defendant either had actual knowledge of the threat to plaintiff's safety or that the risk of violence was so substantial or pervasive that the defendants' knowledge could be inferred.  *Whitley v. Albers*, 475 U.S. 312, 321 (1986); *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999).

The defendants argue that Hoskins has not sufficiently alleged that they personally participated in the alleged deprivation of his constitutional rights.  However, the amended complaint includes allegations that Snooks reviewed the grievance filed by Hoskins yet did nothing to ensure that Hoskins was escorted to court as ordered by the state court judge.  The amended complaint also includes allegations that Hoskins personally discussed the assaults with Martiniak—whose job it was to provide court escorts—but that, like Snooks, Martiak did nothing to protect Hoskins.  Accordingly, Hoskins has sufficiently alleged personal involvement as to Snooks and Martiniak, and the motion to dismiss the individual claims against those defendants is denied.

The amended complaint contains no allegations of personal involvement by the remaining defendants.  For instance, Hoskins alleges that the state judge's order to provide him with a court escort was forwarded to the *office* of Sheriff Dart, but Hoskins has not alleged that Dart

personally received or reviewed the letter. As for Godinez and Romero, the amended complaint

contains absolutely no allegations about their knowledge of or involvement in the treatment of

Hoskins. As a result, the motion to dismiss the individual claims against Dart, Godinez and

Romero is granted.

### III.     Official Capacity Claims Under 42 U.S.C. § 1983  (Count II)

In Count II, Hoskins alleges that Sheriff Dart, in his official capacity, violated his

constitutional rights. Although only defendant Dart is mentioned within Count II, elsewhere the

amended complaint purports to allege an official capacity claim against the remaining defendants

as well. However, a claim against an individual in his official capacity is actually a claim against

the governmental body for which he works. *See Gossmeyer v. McDonald*, 128 F.3d 481, 494

(7th Cir. 1997) ("An official capacity claim against an individual defendant constitutes a claim

against the government entity itself."). Because all of the individuals sued in their official

capacities worked for the same governmental body, the Sheriff's Department, any official

capacity claims against the remaining defendants would be duplicative of the official capacity

claim against Sheriff Dart. Therefore, the official capacity claims against defendants Godinez,

Romero, Martiniak, and Snooks are dismissed as duplicative.

As a governmental body, the Sheriff's Department cannot be held liable for the conduct

of its employees under § 1983 under the theory of *respondeat superior*. *See Monell v. Dept. of

Soc. Servs.*, 436 U.S. 658, 691 (1978). Therefore, Hoskins can succeed only by showing that the

alleged violation of his constitutional rights occurred as the result of (1) an express policy, (2) a

widespread practice, or (3) conduct of a person with final policymaking authority. *See id.*; *Estate

of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514-15 (7th Cir. 2007). The policy or

practice must have been persistent and widespread, and cannot be based upon the experiences of a single person. *See Ritz v. Lake County, Illinois*, 08 CV 5026, 2010 WL 2025392, at *4 (N.D. Ill. May 21, 2010).

Defendant Dart contends that Hoskins has merely alleged isolated incidents all involving him, and has failed to sufficiently allege a specific widespread policy that contributed to the assaults on him and the resulting injuries. In support, Dart cites *Palmer v. Marion County*, 327 F.3d 588, 597 (7th Cir. 2003), in which the Seventh Circuit held that "proof of isolated acts of misconduct will not suffice; a series of violations must be presented to lay the premise of deliberate indifference." However, Hoskins has alleged more than isolated acts because according to his complaint, the sheriff's department placed rival gang members together over and over again, even after the judge in Hoskins' state criminal case ordered the department to escort Hoskins to court rather than place him among rival gang members. Moreover, *Palmer* focused on evidence a plaintiff needs to survive a motion for summary judgment, and did not hold that the details of the alleged policy must be pled to survive a motion to dismiss. To the contrary, *Palmer* suggests that a plaintiff who has alleged a claim under *Monell* is entitled to engage in discovery in order to uncover the specifics of the policy: "there are a number of other avenues to demonstrate a widespread practice of an unconstitutional nature. *Id.* at 596.

Hoskins has alleged that Sheriff Dart, in his official capacity, carried out a policy or custom of placing inmates from rival gangs together in lock up holding areas, with deliberate indifference to the safety of vulnerable detainees who risked because assaulted by members of rival gangs. He has thus sufficiently apprised Dart of the allegedly unconstitutional policy or custom, and thus has alerted Dart to nature of his claim and plausibly suggested a grounds for

relief under 42 U.S.C. § 1983. *See Wiek v. King*, No. 09 CV 920, 2010 WL 1976870, at *4 (N.D. Ill. May 12, 2010) (in his complaint, a plaintiff "is not required to provide extrinsic evidence that a policy existed. . . Wiek's assertions that the officer's held him overnight in accordance with a municipal policy are sufficient to put the City on notice of his claim.").

Accordingly, Dart's motion to dismiss the claim against him in his official capacity is denied.

## CONCLUSION

For the reasons stated, the motion to dismiss is granted in part and denied in part as follows: the motion to dismiss Count I against Dart, Godinez, and Romero is granted, while the motion to dismiss Count I against Martiniak and Snooks is denied; the motion to dismiss Count II against Godinez, Romero, Martiniak, and Snooks is granted, while the motion to dismiss Count II against Dart is denied.


ENTER:


DATE: November 15, 2010

Blanche M. Manning

Blanche M. Manning
United States District Judge